UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| CORNERSTONE DENTAL, PLLC, an Idaho professional limited liability company; SHANE NEWTON, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> SMART DENTAL CARE, LLC, a Utah limited liability company; SMART DENTAL CARE OF IDAHO, LLC, a Utah limited liability company; SMART RESOURCES GROUP, INC., a Utah corporation; D. BRENT DALLEY, an individual; J. RICHARD SMART, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. <br> _____ <br><br> SMART DENTAL CARE, LLC, a Utah limited liability company, and J. RICHARD SMART, an individual, <br><br> Cross-Plaintiffs, <br><br> v. <br><br> D. BRENT DALLEY, an individual, <br><br> Cross-Defendant. <br> _____ | Adv. No. 07-09002-TLM |

MEMORANDUM OF DECISION - 1

**MEMORANDUM OF DECISION**
_____

On October 4, 2006, Plaintiffs filed a complaint against Defendants in the Fourth Judicial District Court for the State of Idaho, Ada County.  Plaintiffs' claims generally stem from Defendants' alleged failure to pay for two dental practices located in Idaho.  Defendants Smart Dental Care, LLC ("Smart Dental") and J. Richard Smart answered the complaint and filed a cross-claim against Defendant D. Brent Dalley seeking damages from Dalley for his alleged embezzlement, fraud, and mismanagement of the dental practices.  Defendants Smart Resources Group, Inc. and Dalley filed an answer to Plaintiffs' complaint and a counter-claim against Plaintiff Shane Newton alleging that Newton breached a key promise in the purchasing agreement and acted improperly in retaking possession of the dental practices.

On December 20, 2006, Smart Dental filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah (Case No. 06-20525).  Three months later, on March 29, 2007, Smart Dental removed the state court action to the United States District Court for the District of Idaho and filed a motion to transfer venue to the United States Bankruptcy Court for the District of Utah.  *See* Case No. 07-cv-00149-LMB

MEMORANDUM OF DECISION - 2

at Doc. Nos. 1, 2.[1] Plaintiffs objected to the motion to transfer and filed a motion to remand the matter to state court or to refer the matter to this Court. *See* Case No. 07-cv-00149-LMB at Doc. No. 6.

On December 7, 2007, pursuant to General Order No. 38, the District Court referred the case to this Court. *See* Case No. 07-cv-00149-LMB at Doc. No. 21; Adv. No. 07-09002-TLM at Doc. No. 1. Specifically, the District Court found that "the lawsuit involves Plaintiffs' claims against the Debtor [Smart Dental], Debtor's cross-claims against Defendant Dalley, and the Dalley Defendant's counter-claims against Plaintiffs. As a preliminary matter and solely for the purposes of referring this case to the bankruptcy judge, this Court . . . finds that these claims may be related to Debtor's bankruptcy proceeding[.]" *Id.*[2]

On January 30, 2008, this Court heard oral argument regarding the various motions.[3] The Court must initially decide which motion to consider first.

---

[1] *See* 28 U.S.C. § 1452(a) (allowing a party to remove a claim or cause of action to the district court for the district where such civil action is pending, if such district court has jurisdiction over such claim or cause of action under section 28 U.S.C. § 1334); 28 U.S.C. § 1334 (providing the district courts with non-exclusive jurisdiction over all proceedings related to cases under Title 11); 28 U.S.C. § 1412 (allowing the district court to transfer venue in the interest of justice or for the convenience of the parties).

[2] U.S. Magistrate Judge Larry M. Boyle entered the District Court's decision and noted the parties' consent to his assignment. *Id.*

[3] At oral argument, Plaintiffs stated that their arguments regarding the procedural impropriety of removing the state court suit to the District Court, as opposed to the Bankruptcy Court, would not be argued. Those arguments were previously addressed by the District Court and, given Plaintiffs' comments, will not be discussed here.

MEMORANDUM OF DECISION - 3

A leading bankruptcy treatise notes that there is "some confusion about whether a motion to remand or a motion to change venue to the home court[4] should be considered first by the court to which the case has been removed. Some courts believe that bankruptcy policy is better carried out if the remand decision is made by the home court." 10 Collier on Bankruptcy ¶ 9027.09 at 9027-13 (Alan N. Resnick & Henry J. Sommer, eds. rev. 15th ed. 2007) (footnote added and omitted).[5]

As the United States Bankruptcy Court for the Eastern District of Pennsylvania has stated:

> where a bankruptcy court is simultaneously confronted with (1) a Motion, pursuant to 28 U.S.C. § 1412, to transfer or change the venue of an action which has been removed to it pursuant to 28 U.S.C. § 1452(a); and (2) a Motion to remand or otherwise abstain from hearing the change of venue action, pursuant to 28 U.S.C. § 1334(c), the action should be transferred to the "home" court of the bankruptcy to decide the issue of whether to remand or abstain from hearing the action. *See In re Gallucci*, 63 B.R. 93, 94 & n. 3 (Bankr. D.R.I. 1986);

---

[4] The term "home court" refers to the court handling the bankruptcy case.

[5] *See also Everett v. Friedman's Inc.*, 329 B.R. 40 (S.D. Miss. 2005) (granting the transfer motion and inviting the home court to consider the motion to remand); *Philadelphis Health Care Trust v. Tenet Health System Philadelphia, Inc. (In re Allegheny Health, Educ. & Research Found.)*, No. 98-25773, 1999 WL 1033566 (Bankr. E.D. Pa. 1999) (determining that the home court should decide the motion to remand and inviting that court to revisit the "related to" jurisdictional analysis); *but see Grace Cmty., Inc. v. KPMG Peat Marwick, LLP*, 262 B.R. 625 (Bankr. E.D. Pa. 2001) (determining that it was appropriate to consider the motion for remand and abstention prior to the motion to transfer venue); *Work/Family Directions, Inc. v. Children's Discovery Ctrs., Inc. (In re Santa Clara County Child Care Consortium)*, 223 B.R. 40 (1st Cir. BAP 1998) (affirming a bankruptcy court's determination that it did not have "related to" jurisdiction, granting the motion to remand to state court, and denying the motion to transfer venue).

MEMORANDUM OF DECISION - 4

> *Seybolt v. Bio-Energy of Lincoln, Inc.*, 38 B.R. 123, 128 (Bankr. D. Mass. 1984); *Colarusso v. Burger King Corp.*, 35 B.R. 365, 366-68 (Bankr. E.D. Pa. 1984); and *Stamm v. Rapco Foam, Inc.*, 21 B.R. 715, 723-25 (Bankr. W.D. Pa. 1982).

*Weniger v. Intermet Realty P'ship (In re Convent Guardian Corp.)*, 75 B.R. 346 (Bankr. E.D. Pa. 1987); *see also Allegheny Health*, 1999 WL 1033566 at *1.

Upon due consideration, this Court agrees that the home court is best positioned to make, and should make, the decision regarding remand. Thus, if appropriately supported, the motion to transfer venue should be granted.

In competition with this general deference to the home court, there is case law that instructs courts facing such competing motions to first decide jurisdictional issues before ruling on a motion to transfer venue to the home court. *See e.g.*, *Work/Family Directions, Inc. v. Children's Discovery Ctrs., Inc. (In re Santa Clara County Child Care Consortium)*, 223 B.R. 40 (1st Cir. BAP 1998) (explaining that a bankruptcy court must first determine if a matter was properly removed from state court; in other words, the court "must determine whether it has subject matter jurisdiction over the proceeding"). Plaintiffs raise such issues in arguing that this Court lacks jurisdiction over the counter-claims because they "are neither core nor non-core . . . [as] [n]either party is a debtor or is asserting a claim against Debtor or Debtor's bankruptcy estate, and the claims are based on state law." Case No. 07-cv-00149-LMB at Doc. No. 6. While couched as "neither core nor noncore," Plaintiffs' jurisdictional argument are based on "related to"

MEMORANDUM OF DECISION - 5

jurisdiction under 28 U.S.C. § 1334(b).

The District Court's decision correctly articulated the Ninth Circuit test for determining whether a civil proceeding is "related to" a bankruptcy case. The relevant question "is *whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*." *In re Feitz*, 852 F.2d 455, 457 (9th Cir. 1988) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original)); *see also Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1096 (9th Cir. 2007). Under this standard, the District Court determined that the litigation was sufficiently "related to" bankruptcy to refer the matter to this Court. Indeed, it determined that even the counter-claims "may be considered related to the bankruptcy as they are inextricably related to the claims and cross-claims[.]" Case No. 07-cv-00149-LMB at Doc. No. 21; Adv. No. 07-09002-TLM at Doc. No. 1. This Court adopts the District Court's analysis and conclusions concerning jurisdiction.

Turning to the merits of the motion to transfer venue under 28 U.S.C. § 1412, the Court has considered the parties' briefing and arguments under the factors articulated in *Waldron v. Skamser (In re Skamser)*, 04.2 I.B.C.R. 70, 71 (Bankr. D. Idaho 2004), and *TIG Ins. Co. v. Smolker*, 264 B.R. 661, 668 (Bankr. C.D. Cal. 2001). The Court determines that the interests of justice are best served

MEMORANDUM OF DECISION - 6

by transferring this proceeding, including the unresolved motion to remand, to the United States Bankruptcy Court for the District of Utah. As in *Allegheny Health*, this Court believes the ultimate resolution of the motion to remand should be with that court, as the court handling the bankruptcy case. However, that court may wish to revisit the "related to" jurisdiction issue as well as Plaintiffs' equitable arguments in support of remand, and this Court's findings are not intended to preclude such analysis. *See Allegheny Health*, 1999 WL 1033566, at *2.[6]

Based upon the foregoing, Smart Dental's motion to transfer venue to the United States Bankruptcy Court for the District of Utah will be granted. Counsel for Smart Dental shall prepare a form of order consistent with this Decision.

DATED: March 31, 2008



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[6] If the Utah Bankruptcy Court determines that remand is proper, this Court will of course accept the returned transfer from that court and remand the proceedings to the state court. *See Hudson-Ram L.P. v. Archer (In re U.S. Refining & Marketing Co.)*, 210 F.3d 387 (9th Cir. 2000) (unpublished memorandum of decision) (noting that "the proper avenue for returning the adversary action to . . . the state court" would be for the home court to transfer venue back to the court in which the proceeding had been removed and that court can then remand to state court).

MEMORANDUM OF DECISION - 7